Curia, per Butler, J.
The presiding judge came to the conclusion, on the circuit, that the motion made before him had been refused by a preceding judge under precisely the same circumstances. In this point of view, he regarded the motion as a second application for the same purpose, and declined to entertain it, from a regard to propriety — a propriety which both safe usage and respectful courtesy have long sanctioned. Uniformity and harmony are essential ingredients in the satisfactory administration of justice. Uniformity is preserved by a direst appeal to all the judges — whilst an appeal from one judge to another would, produce collision and confusion. It is proper, therefore, that when one judge has made or refused an order, the same should not be reversed or granted by another judge, without a change of circumstances, or a new exhibition of facts. An ex parte order may surely be reviewed or reversed, upon its being contested by others, who were not parties to it, or had no notice of it. And when an order has been refused, on one state of facts, by one judge, *18 there is no reason why it should not be reversed by another on a different state of facts. The reason of the usage is, that judges should avoid an appeal from one to another on the same motion.
But a majority of us think, that in any point of view in which the motion has yet been presented, it was properly refused by the judges who have heard it. The plaintiff may be a citizen of Virginia, and at the time the motion was made below, may have been employed for a while in Georgia. But in South Carolina he had taken out letters of administration, and had given the security required by" law. He is, therefore, entitled to all the rights and immunities of an administrator in the forums of this State. As a representative of another, he may be supposed to have no personal knowledge of the concerns of his intestate. His duty requires him to investigate all the rights of the trust that has been committed to him. He cannot do this, unless he, like any other administrator, is free from personal liability for costs, in cases requiring judicial examination. It does not appear that the plaintiff claims the negroes, for which this action is brought, in his own right. On the contrary, from what has been stated to us, he claims them entirely in right of his intestate.
Prima facie, and we ought not to go beyond the prima facie view of the subject — the plaintiff, as administrator, is not liable for costs. The defendant’s motion does not contemplate a contingency, to wit, if the plaintiff should in the subsequent developement of the case be liable for costs, that he should give security for them, but that, in any view, he should give unconditional security for the payment of such costs as the defendant may be put to in defending the action. Upon a motion of this kind, it is not usual to look to ultimate results, but to decide upon the statements in the record, and from these statements we think the motion should be refused.
O’Neall, Evans, Wardlaw and Frost, JJ. concurred.